UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:14-cv-81581-KAM

TELMA MOJICO

      Plaintiff,

vs.

 MIDLAND FUNDING, LLC

      Defendant.

_____/

## DEFENDANT, MIDLAND FUNDING, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, MIDLAND FUNDING, LLC ("Midland"), by and through its undersigned counsel, respectfully submits this Answer with Affirmative Defenses to the Complaint of Plaintiff, Telma Mojico ("Complaint"), averring as follows:

## ANSWER TO JURISDICTION

1.     Admitted in part and denied in part.  Midland admits that Plaintiff's Complaint purports to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Midland denies that Plaintiff's Complaint states a cause of action against Midland for a violation of the FDCPA.  Midland denies that Midland violated the FDCPA and denies any liability to Plaintiff.  Midland denies that the Plaintiff is entitled to actual damages, statutory damages, or costs, including attorney's fees, pre-judgment interest, or any other relief.  The remaining allegations in this paragraph

constitute conclusions of law and are denied as such.   Midland refers all questions of law to the Court.

      2.    Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Midland refers all questions of law to the Court.

      3.    Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Midland avers that venue is proper in the United States District Court, Southern District of Florida, Palm Beach Division, pursuant to 28 U.S.C. §1391 because the allegations of the Complaint arise out of events which allegedly occurred in  Palm Beach County, Florida; this action was originally filed in the County Court in and for Palm Beach County, Florida; Palm Beach County, Florida lies within the jurisdiction of the United States District Court for the Southern District of Florida; and Midland properly removed this action to the United States District Court, Southern District of Florida, Palm Beach Division, on December 22, 2014 pursuant to 28 U.S.C. § 1441, 28 U.S.C. §1331 and 28 U.S.C. §1446.   Midland denies that it is or was a resident of Palm Beach County, Florida, or that it transacts any business in Palm Beach County, Florida, except and exclusively through means of interstate commerce.   Midland refers all questions of law to the Court.

      4.    Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Midland avers that Plaintiff's claims against Midland arise under the FDCPA  and present a federal question.   The United States District Courts have original, federal question jurisdiction over FDCPA claims under 28 U.S.C. §1331.   Accordingly, this Court has federal question

removal jurisdiction under 28 U.S.C. §1441.  Midland refers all questions of law to the Court.

5.      Denied.   A factual basis for these conclusory allegations is demanded of Plaintiff.


## ANSWER TO PARTIES

6.      Admitted in part and denied in part.  Midland admits that it is a Delaware limited liability company, and that its registered agent for service of process in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.  Midland denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

7.      Denied.  Midland denies these allegations and demands a factual basis for these conclusory allegations from Plaintiff.

8.      Denied.   Midland denies using the mail or the telephone.  Therefore, Midland denies the conclusory allegations in this paragraph and leaves Plaintiff to her proofs.

9.      Admitted in part and denied in part.  Midland admits that Plaintiff is a natural person.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

10.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court

and leaves Plaintiff to her burden of proof as to how she incurred her valid and delinquent debt obligation.

## ANSWER TO BACKGROUND AND GENERAL ALLEGATIONS

11.    Admitted in part and denied in part.   Midland admits that attorneys filed a collection complaint on behalf of Midland against Telma Mojico in the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No.: 2014 SC 002452 (the "underlying collection action"), which speaks for itself.   Midland denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

12.    Admitted in part and denied in part.   Midland admits that the collection complaint in the underlying collection action speaks for itself. Midland denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

13.    Denied.  Midland avers that Plaintiff opened a credit card account with Chase Bank USA, N.A., on March 15, 2007 (the "credit card account"). Plaintiff used her credit card account resulting in a balance of $3,100.29. Plaintiff's credit card account was subsequently charged off and sold to Midland.   Therefore, Plaintiff owes the balance of $3,100.29 ("Plaintiff's debt obligation") to creditor Midland.

14.    Admitted in part and denied in part.   Midland admits that, at times, and where appropriate, collection actions are filed on its behalf to recover on debt obligations owed to Midland, such as Plaintiff's debt obligation.

Midland admits that, as a result of lawfully filed suits, it obtains judgments, including default judgments, as a result of the filing of collection actions on its behalf.  Midland denies the remaining allegations in this paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.

15.    Denied.    A factual basis for these conclusory allegations is demanded of Plaintiff.

16.    Admitted.   Midland admits that the records of its debt servicer confirm these allegations.

17.    Denied.  Midland denies that it appeared as a pre-trial conference. Rather, Midland admits that counsel retained on behalf of Midland appeared at a pre-trial conference along with Plaintiff.  See Exhibit "B" to the Complaint.

18.    Admitted in part and denied in part.  Midland admits that during the pre-trial Conference in the underlying collection action, the Court set the underlying collection action for trial on the issue of damages only (as liability was determined in favor of Midland).   See Exhibit "B" to the Complaint. Midland denies the remaining allegations in this paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.

19.    Admitted in part and denied in part.  Midland admits that the Pretrial Conference Order and Notice of Trial attached as Exhibit "B" to Plaintiff's Complaint is a writing that speaks for itself.  Midland is without knowledge sufficient to enable Midland to admit or deny the remaining allegations in this paragraph and, therefore, these allegations are denied and Midland leaves Plaintiff to her proofs.

20.    Admitted in part and denied in part.  Midland admits that the Pretrial Conference Order and Notice of Trial attached as Exhibit "B" to Plaintiff's Complaint is a writing that speaks for itself.  Midland is without knowledge sufficient to enable Midland to admit or deny the remaining allegations in this paragraph and, therefore, these allegations are denied and Midland leaves Plaintiff to her proofs.

21.    Denied.    A factual basis for these conclusory allegations is demanded of Plaintiff.[1]

22.    Admitted in part and denied in part.  Midland admits that it had the burden of proving the amount of damages owed by Plaintiff as liability was already determined in favor of Midland as set out in the Pretrial Conference Order and Notice of Trial attached as Exhibit "B" to the Complaint.[2]   Midland admits that the amount of damages owed by Plaintiff on her valid and delinquent debt obligation could have been proven through the telephonic testimony of its custodian of records. See Exhibit "B" to the Complaint. Midland denies the remaining allegations in this paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.

23.    Denied.  Midland is without knowledge sufficient to enable Midland to admit or deny the allegations in this paragraph as to when Plaintiff retained

---

[1] To the contrary, Exhibit "B" evidences that Plaintiff sought to have two witnesses at the trial and that Midland was only required to produce a custodian of records by telephone for the *damages-only* trial.  See Exhibit "B" to the Complaint.

[2]  This is probably the result of Plaintiff conceding to her debt obligation but disputing the amount owed during the pre-trial conference.

counsel and, therefore, these allegations are denied. Midland leaves Plaintiff to her proofs.

24.    Denied.  Midland is without knowledge sufficient to enable Midland to admit or deny the allegations in this paragraph and, therefore, these allegations are denied and Midland leaves Plaintiff to her proofs.

25.    Admitted in part and denied in part.  Midland admits that its voluntary dismissal without prejudice that was properly served upon Plaintiff in the underlying collection action is a writing that speaks for itself.  Midland is without knowledge sufficient to enable Midland to admit or deny the remaining allegations in this paragraph and, therefore, these allegations are denied and Midland leaves Plaintiff to her proofs.

26.    Denied.  Midland is without knowledge sufficient to enable Midland to admit or deny the allegations in this paragraph and, therefore, these allegations are denied and Midland leaves Plaintiff to her proofs.

27.    Denied.  Midland is without knowledge sufficient to enable Midland to admit or deny the allegations in this paragraph and, therefore, these allegations are denied and Midland leaves Plaintiff to her proofs.

28.    Admitted in part and denied in part.  Midland admits that, as liability was already established, Midland sought to recover the outstanding sums owed by Plaintiff to Midland in the amount of $3,100.29 and the costs of suit in the underlying collection action.  Midland denies the remaining allegations in this paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.

29.     Denied.  A factual basis for Plaintiff's "information" and her "belief" for her conclusory statements in this paragraph is demanded of Plaintiff.

30.     Denied.   A factual basis for these conclusory allegations is demanded of Plaintiff.

31.     Denied.  A factual basis for Plaintiff's "information" and her "belief" for her conclusory statements in this paragraph is demanded of Plaintiff.

32.     Denied.  Midland denies that it wasted the Court's time as a result of the pursuit of a lawful debt obligation owed by Plaintiff to Midland, that Plaintiff failed to pay despite all opportunity to make payment prior to the institution of legal action.  To the contrary, any burden on the Court was the result of the actions of Plaintiff in failing to pay her valid and delinquent debt obligation.  A factual basis for these conclusory allegations is demanded of Plaintiff.

33.     Denied.   Midland denies that its conduct resulted in Plaintiff having to expend costs, including attorneys' fees, in advance of a damages hearing. To the contrary, Plaintiff elected to retain counsel as some point known only to Plaintiff, as a result of Plaintiff's failure to pay her valid and delinquent debt obligation owed to Midland.   A factual basis for these conclusory allegations is demanded of Plaintiff.

34.     Denied.  Midland denies that it was a proximate or direct cause of mental anguish, stress, anxiety, aggravation, frustration or sleeplessness as a result of counsel for Midland's efforts to secure the recovery of damages owed by Plaintiff as a result of Plaintiff's failure to pay her valid and delinquent debt

obligation owed to Midland. A factual basis for these conclusory allegations is demanded of Plaintiff.

35. Admitted in part and denied in part.[3] Midland admits that it may pursue the collection of the valid debt obligation owed by Plaintiff to Midland by availing itself of appropriate legal remedies, including, but not limited to, re-filing the underlying collection action. Midland denies the remaining allegations in this paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.

### ANSWER TO COUNT I □VIOLATION OF FDCPA:  15 U.S.C. §1692e

36. Midland denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required, Midland incorporates its responses to the foregoing allegations in paragraphs 1 through 35 above, as if fully set forth herein.

37. Denied. Midland denies that it made any false, deceptive or misleading representation as to the character, amount or legal status of Plaintiff's debt obligation owed to Midland and denies that Midland violated the FDCPA, in general, or Section 1692e(2)(A) of the FDCPA, specifically. Midland denies any liability to Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. The remaining allegations in this paragraph

---

[3] Midland believes that Plaintiff has inadvertently switched the role of Plaintiff with the Defendant in her allegations in this paragraph as a result of a scrivener's error and Midland responds accordingly.

constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

38.    Denied. Midland denies that it made any false, deceptive or misleading representation as to the character, amount or legal status of Plaintiff's debt obligation owed to Midland and denies that Midland violated the FDCPA, in general, or Section 1692e(10) of the FDCPA, specifically. Midland denies any liability to Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

39.    Admitted in part and denied in part. While Midland admits to Plaintiff's concession as to liability for her debt ☐ that Plaintiff owed the delinquent debt to Midland, Midland denies the remainder of the allegations in this paragraph. A factual basis for the conclusory statements of "deceptive" or "false" means engaged by Midland is demanded of Plaintiff.

40.    Denied. Midland denies that it engaged in any false or deceptive conduct with respect to Plaintiff or that it violated the FDCPA. A factual basis for these conclusory allegations is demanded of Plaintiff. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

41.    Denied. Midland denies that it made any misrepresentation, accidentally or otherwise. Therefore, Midland denies the remaining allegations

in this paragraph as they rely on a false premise of violative conduct on the part of Midland.

42.     Denied.   Midland denies it violated Sections 1692e(2)(A) or 1692e(10) of the FDCPA.   Therefore, Midland denies the remaining allegations in this paragraph as they rely on the false premise of violative conduct.   A factual basis for these conclusory allegations is demanded of Plaintiff.

43.     Denied.   Midland denies that it violated the FDCPA.   Midland denies that it was a proximate or direct cause of any perceived harm claimed by Plaintiff, including purported harm in the guise of actual damages, mental pain, shock, suffering, aggravation, humiliation or embarrassment.   A factual basis for each measure of claimed damages is demanded of Plaintiff.

44.     Denied.  Midland is without knowledge sufficient to enable Midland to admit or deny the allegations in this paragraph and, therefore, these allegations are denied.   A factual basis for these allegations, including an unredacted copy of the dated and executed retainer agreement is demanded of Plaintiff.

45.     Denied.   Midland denies that it violated the FDCPA and denies liability to Plaintiff.   Therefore, Midland denies that Plaintiff is entitled to any recovery of damages, statutory or otherwise, under the FDCPA, or that she is entitled to recover her costs, including attorney's fees, incurred in pursuing this non-viable claim against Midland.   A factual basis for each measure of claimed damages is demanded of Plaintiff.

11

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Midland denies that Plaintiff is entitled to actual damages, statutory damages, costs, attorneys' fees or any other relief. To the extent that the WHEREFORE Clause of the Complaint contains conclusions of law, no response is required. To the extent that Plaintiff suggests or alleges that Midland violated any law or is liable to Plaintiff, Midland denies same.

## COUNT II  VIOLATION OF FDCPA §1692e(5)

46.    Midland denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required, Midland incorporates its responses to the foregoing allegations in paragraphs 1 through 45 above, as if fully set forth herein.

47.    Denied.  Midland denies that it threatened to take any action that it could not legally take or that was not intended to be taken. Midland denies that Midland violated the FDCPA, in general, or Section 1692e(5) of the FDCPA, specifically.  Midland denies any liability to Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

48.    Admitted in part and denied in part.  Midland admits that its collection complaint in the underlying collection action is a writing that speaks for itself.   Midland denies the remaining conclusory allegations in this

12

paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.[4]

49.    Admitted in part and denied in part.  Midland admits that the records of its debt servicer reflect that  the debt servicer made several good faith attempts to resolve Plaintiff's debt obligation owed to Midland through the use of written correspondence and by attempting to communicate with Plaintiff by telephone to avoid the necessity of the collection action.  However, Plaintiff made no effort to resolve her debt, resulting in the collection action against her. Midland denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

50.    Admitted in part and denied in part.  Midland admits that its collection complaint in the underlying collection action is a writing that speaks for itself.  Midland admits that letters from its debt servicer to Plaintiff speak for themselves.  Midland denies the remaining allegations in this paragraph and a factual basis for these conclusory allegations is demanded of Plaintiff.

51.    Denied.  Midland denies it violated Sections 1692e(2)(A), 1692e(5), or 1692e(10) of the FDCPA.   Therefore, Midland denies the remaining allegations in this paragraph as they rely on the false premise of violative conduct.   A factual basis for these conclusory allegations is demanded of Plaintiff.

---

[4] Again, liability in the underlying action was ascertained, and what remained was a damages hearing as to the amount owed by Plaintiff to Midland.  See Exhibit "B" to the Complaint.

52.     Denied.   Midland denies that it violated the FDCPA.   Midland denies that it was a proximate or direct cause of any perceived harm claimed by Plaintiff, including purported harm in the guise of actual damages, mental pain, shock, suffering, aggravation, humiliation or embarrassment.   A factual basis for each measure of claimed damages is demanded of Plaintiff.

53.     Denied.  Midland is without knowledge sufficient to enable Midland to admit or deny the allegations in this paragraph and, therefore, these allegations are denied.   A factual basis for these allegations, including an unredacted copy of the dated and executed retainer agreement is demanded of Plaintiff.

54.     Denied.   Midland denies that it violated the FDCPA and denies liability to Plaintiff.   Therefore, Midland denies that Plaintiff is entitled to any recovery of damages, statutory or otherwise, under the FDCPA, or that she is entitled to recover her costs, including attorney's fees, incurred in pursuing this non-viable claim against Midland.   A factual basis for each measure of claimed damages is demanded of Plaintiff.

## **ANSWER TO PRAYER FOR RELIEF**

WHEREFORE, Midland denies that Plaintiff is entitled   to actual damages, statutory damages, costs, attorneys' fees or any other relief.  To the extent that the WHEREFORE Clause of the Complaint contains conclusions of law, no response is required. To the extent that Plaintiff suggests or alleges that Midland violated any law or is liable to Plaintiff, Midland denies same.

## ANSWER TO COUNT III ☐VIOLATION OF FDCPA:
## 15 U.S.C. §1692e(2)(A) ☐USURY

55.    Midland denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required, Midland incorporates its responses to the foregoing allegations in paragraphs 1 through 54 above, as if fully set forth herein.

56.    Denied.  Midland denies that it made any false, deceptive or misleading representation as to the character, amount or legal status of Plaintiff's debt obligation owed to Midland and denies that Midland violated the FDCPA, in general, or Section 1692e(2)(A) of the FDCPA, specifically.  Midland denies any liability to Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

57.    Denied.  Midland denies that it made any false, deceptive or misleading representation or utilized any false, deceptive or misleading means with respect to Plaintiff's debt obligation owed to Midland and denies that Midland violated the FDCPA, in general, or Section 1692e(10) of the FDCPA, specifically.  Midland denies liability to Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

58.   Denied.  Midland denies that it made a false representation as to the character, amount or legal status of the debt obligation owed by Plaintiff to Midland, denies that it violated the FDCPA and denies any liability to Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

59.   Denied.  Midland denies these conclusory allegations and leaves Plaintiff to her burden of proof.

60.   Denied.  Midland denies that it violated Florida Statutes §687.03(1) and denies any liability to Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Midland refers all questions of law to the Court.

61.   Admitted in part and denied in part.  Midland admits that the exhibits to the collection complaint filed on behalf of Midland in the underlying collection action are writings that speak for themselves.  Midland denies the remaining allegations in this paragraph, denies that it violated Florida Statutes §687.03(1) and denies any liability to Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE, Midland denies that Plaintiff is entitled   to actual damages, statutory damages, costs, attorneys' fees or any other relief.  To the

extent that the WHEREFORE Clause of the Complaint contains conclusions of law, no response is required. To the extent that Plaintiff suggests or alleges that Midland violated any law or is liable to Plaintiff, Midland denies same.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against Midland for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage sustained by the Plaintiff (with all allegations of such violations and damages being specifically denied) was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to liability by Midland.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against Midland.

### FOURTH AFFIRMATIVE DEFENSE

Even if Midland violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of Midland.

### FIFTH AFFIRMATIVE DEFENSE

If there was non-compliance by Midland, which is denied, the alleged non-compliance was not frequent, persistent or intentional.

## SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to plead a viable individual claim under the FDCPA against Midland, her entitlement to statutory damages is **capped** at $1,000 per action, not per violation. *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561 (11th Cir. 1992); *Goodmann v. People's Bank*, 209 Fed. Appx. 111 (3d Cir. N.J. 2006); *Arianas v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 153172 (M.D. Fla. Oct. 10, 2014) (both the FDCPA and the FCCPA have a statutory cap of $1,000 per action, not per violation); *Isaac v. RMB, Inc.,* 2014 U.S. Dist. LEXIS 97543 (N.D. Ala. July 17, 2014).

## SEVENTH AFFIRMATIVE DEFENSE

If Midland violated the FDCPA, which it denies, Plaintiff has incurred no actual damages as a result of these purported violations.

## EIGHTH AFFIRMATIVE DEFENSE

Because Midland did not use false, deceptive, or misleading representations in connection with the collection of the owed and delinquent debt obligations; did not falsely represent the character, amount, or legal status of any debt; did not represent or implicate that non-payment would result in a lawsuit, arrest, imprisonment, or seizure of property; and because Midland did not take or threaten to take any action it did not intend or could not legally take, Plaintiff failed to plead viable claims under 15 U.S.C. § 1692e. Therefore, Counts I, II and III of Plaintiff's Complaint should be dismissed or withdrawn.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff owes debts to Midland. In the unlikely event that Plaintiff is awarded any recovery against Midland, Midland is entitled to a set-off of the amount owed by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies is present, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of liability against Midland or damages against Midland.

## ELEVENTH AFFIRMATIVE DEFENSE

Because all or some of Plaintiff's claims may be barred by the applicable statute of limitations, Midland affirmatively asserts the defense of statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Midland did not accrue interest in excess of the Florida usury statute. Therefore, Count III of the Complaint should be dismissed or withdrawn.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Section 1692e(5) are effectively repudiated by the fact that liability was ascertained and that the hearing set for November 19, 2014 was a damages trial only.  Therefore, the notion that Midland threatened to take action that it did not intend to take lacks any factual basis.   Therefore, Count II of the Complaint should be dismissed or withdrawn.

WHEREFORE, Defendant, Midland Funding, LLC, respectfully requests this Honorable Court deem this Answer proper, dismiss Plaintiff's Complaint and grant any and all other relief as this Court deems just and equitable.

Dated:  December 29, 2014.

                                    /s/ Patrick M. DeLong_____
                                    PATRICK M. DELONG
                                    (Florida Bar No. 982415)
                                    pmdelong@mdwcg.com
                                    100 N.E. Third Avenue
                                    Suite 1100
                                    Ft. Lauderdale, Florida 33301
                                    (954) 847-4920
                                    (954) 627-6640
                                    *Counsel for Midland Funding, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  December 29, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    By___/s/__Patrick M. DeLong__
                                         Patrick M. DeLong

22/1375081.v1

20